IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK ANDERSON,

        Plaintiff,                    No. CIV S-09-3172 MCE KJM PS

    vs.

ROBERT HALF
INTERNATIONAL, INC., et al.,        FINDINGS AND RECOMMENDATIONS

        Defendants.
_____/

        Defendants' motions to dismiss are pending before the court. Plaintiff initiated this action on November 12, 2009. Defendants filed motions to dismiss on November 19, 2009, November 24, 2009 and December 8, 2009. Plaintiff did not timely respond to any of the motions to dismiss. By order filed January 6, 2010, the court granted plaintiff additional time, to February 3, 2010, in which to file opposition to defendants' motions to dismiss; the court cautioned plaintiff that failure to file opposition would be deemed as a statement of non-opposition. Plaintiff again did not file opposition but on February 4, 2010 plaintiff filed a third amended complaint. The court struck that complaint as untimely by order filed February 10, 2010, and granted plaintiff one final opportunity to file opposition by February 17, 2010. On February 16, 2010, plaintiff filed an "objection" to the motions to dismiss, but other than making an objection to the case being dismissed, the document filed February 16, 2010 is the same as the

1

stricken third amended complaint. No other opposition has been filed. Plaintiff also failed to appear at the hearing on March 3, 2010 on the motions to dismiss.[1]

The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though the court construes pleadings liberally in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this case, which has been pending for nearly three months, with the motions to dismiss pending for most of that time. Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Regarding the third factor, defendants already have briefed their motions to dismiss, and would be prejudiced by the need for further litigation of this matter despite plaintiff's non-responsiveness. Moreover, delay itself generally is prejudicial--witness memories fade and evidence becomes stale or undiscoverable. While the fourth factor favors resolution on the merits, in this case plaintiff has declined to submit any substantive opposition to the motions to dismiss and has thus precluded the court's evaluation of the potential merits of such an

---

[1] Several minutes prior to the hearing, plaintiff requested to appear telephonically. The court declined plaintiff's request.

2

opposition. Moreover, the motions appear to be well-taken and there is nothing in plaintiff's recent filings to suggest amendment could cure the deficiencies raised in the motions to dismiss. Under these circumstances, the fourth factor is outweighed by the others.

Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as required by Oliva, the court in its January 6, 2010 and February 10, 2010 orders has advised plaintiff that this action is subject to dismissal, directed plaintiff to file opposition, and granted ample additional time to oppose the pending motions after plaintiff failed to timely oppose defendants' motions to dismiss, all to no avail. From plaintiff's failure to file meaningful opposition and failure to appear at the hearing, and utter inability to craft a complaint that states a claim, the court concludes there is no suitable alternative less drastic sanction to dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 11, 2010.

_____
U.S. MAGISTRATE JUDGE

006
anderson-half.57